UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARI OXFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ANTHEM LIFE INSURANCE COMPANY ) | No. 1:11-cv-00507-TWP-DML |
| Other Affiliate WELLPOINT, INC., ) | |
| MED-ASSIST, INC. SHORT TERM ) | |
| DISABILITY INSURANCE PLAN, ) | |
| MED-ASSIST, INC. LONG TERM ) | |
| DISABILITY INSURANCE PLAN, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO STRIKE**

This matter is before the Court on Plaintiff's Motion to Strike the Affidavit of Louise Patton. (Dkt. 54). Plaintiff Kari Oxford contends the affidavit, which was filed with Defendants' response in opposition to summary judgment, must be stricken as under Federal Rule of Civil Procedure 37(c). Defendants argue Rule 37(c) does not apply to the affidavit, and regardless there is substantial justification for the affidavit. Because the Court finds Defendants were justified in filing the affidavit, Ms. Oxford's motion is **DENIED.**

Ms. Oxford contends that Defendants failed to disclose Ms. Patton as a witness during discovery, and therefore, Ms. Patton's affidavit should be stricken under Rule 37(c). Rule 37(c) provides that when a party fails to identify a witness as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Defendants argue that in this case, the parties did not exchange initial disclosures under Rule 26(a), and therefore there can be no violation of Rule 37(c).

Even if Rule 37(c) applies, however, Defendant argues it is substantially justified in filing Ms. Patton's affidavit. In Ms. Oxford's motion for summary judgment, she argued that the claims department was associated with the finance and underwriting departments, which enhanced the conflict of interest in the case. In response, Defendants filed the affidavit of Ms. Patton to rebut Ms. Oxford's argument and show that the disability department is a wholly separate entity.

In responding to a motion for summary judgment, a party is not limited to obtaining evidence from only those witnesses previously identified in discovery, especially for rebuttal and impeachment evidence. In this case, Ms. Patton's affidavit was offered in an attempt to rebut Ms. Oxford's evidence showing a conflict of interest. The Court finds this was a substantial justification for offering the affidavit. The Court does not decide whether Rule 37(c) is applicable in this case, because regardless, Ms. Patton's affidavit is properly offered.

## **CONCLUSION**

Ms. Oxford's Motion to Strike the Affidavit of Louise Patton (Dkt. 54) is **DENIED**.

SO ORDERED.

Date: 09/20/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kristopher N. Kazmierczak
KATZ & KORIN P.C.
kkazmierczak@katzkorin.com

Nicholas Thomas Lavella
O'RYAN LAW FIRM
nlavella@oryanlawfirm.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com

Sally F. Zweig
KATZ & KORIN P.C.
szweig@katzkorin.com